[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
On March 3, 1995, the plaintiff, Darnell Sawyers, filed a Complaint against defendants Rental Car Resources ("Resources") and Melvin C. Washington for injuries he claims to have suffered in an automobile accident with Mr. Washington while Washington was operating a vehicle leased to him by Resources. In his Amended Complaint dated April 13, 1995, the plaintiff alleges that Washington was negligent and careless in the operation of the car he rented from Resources, and that Resources, as lessor of the vehicle Washington was operating, is liable for all resulting damages under General Statutes § 14-154a.[1]
In its Answer and Special Defense ("Answer") dated April 7, 1995, defendant Resources pleaded as a special defense that defendant Washington's use of its leased vehicle was in violation of the rental agreement between them, in that he allegedly operated the vehicle "while under the influence of drugs or other substances which would impair his driving ability." (Answer, p. 2) By virtue of this alleged violation of the rental agreement restriction, Resources claims that it is not liable to plaintiff Sawyers under Section 14-154a.
On May 16, 1995, Sawyers moved this Court, under Practice Book § 152, to strike Resources' special defense on the ground that, under Section 14-154a, lessors may not escape liability for misconduct in the use of rented vehicles by their authorized lessees via lease restrictions on the use of the leased vehicle. The parties have submitted briefs and delivered CT Page 6914 arguments on this motion before this Court.
 I
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." Practice Book, 1978, § 152, quoted in Ferryman v City of Groton, 212 Conn. 138, 142 (1989). In ruling on a plaintiff's motion to strike a special defense, the Court has an "obligation to take the facts to be those alleged in the special defense and to construe the defense in the manner most favorable to sustaining [its] legal sufficiency." (Citations omitted.) Connecticut National Bank v. Douglas,221 Conn. 530, 536 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v.CBS, Inc., 196 Conn. 91, 108-109 (1985).
 II
In support of its motion to strike, plaintiff Sawyers insists that, under General Statutes § 14-154a, a lessor may not contract out of liability for misconduct in the use of a leased vehicle by an authorized lessee via lease restrictions prohibiting such misconduct in the use of the vehicle. Resources argues that its liability under Section 14-154a may be limited by the contractual language of the lease agreement, and specifically, that on the facts of this case, it should be so limited. According to a rental agreement dated October 26, 1993, the co-defendants entered into a contract which included use restrictions that read, in part, "Rentor and Authorized Drivers agree that the Vehicle will not be used or operated by anyone while intoxicated or under the influence of drugs or other substances which would impair driving ability." (Exhibit "A" to defendant's May 26, 1995 Memorandum in Opposition of Motion to Strike Special Defense). Alleging that defendant Washington operated his rented vehicle "while intoxicated or under the influence of drugs or other substances which would impair driving ability," Resources claims, as its special defense, that defendant Washington's violation of the rental agreement shields it from liability under Section 14-154a. (Answer, p. 2.)
In Pedevillano v. Bryon, 231 Conn. 265 (1994), our Supreme Court addressed the issue of whether a "lessor's statutory CT Page 6915 liability [is] determined by the statute without regard to the terms of the lease agreement pursuant to which the voluntary entrusting occurred." Id. at 270. In Pedevillano, the plaintiff sought damages against a rental car company for personal injuries caused by the negligent operation of a motor vehicle by an unauthorized driver of the rental car. Id. at 266. Reasoning that the statute did not preclude a lessor from imposing "reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk." id. at 270, the Court held that the violation of the "authorized driver" provision in the lease agreement absolved the lessor from liability resulting from the operation of the leased vehicle by the unauthorized driver. Id.
Resources argues that, under Pedevillano, it may circumscribe its liability under Section 14-154a by imposing other such "reasonable restrictions" on the use of the leased vehicle — specifically, restrictions prohibiting driving under the influence of intoxicants. The Court in Pedevillano, however, stated quite clearly that no exceptions to lessor liability under Section 14-154a can be based on lease restrictions prohibiting misconduct in the use of a motor vehicle by an authorized driver:
 It bears emphasis, however, that the lessor's right to limit the identity of authorized drivers does not, in light of the purpose of § 14-154a, relieve the lessor of liability to third partes for misconduct by such authorized drivers, even when such misconduct violates express contractual restrictions on the use of the vehicle. See Gionfriddo v. Avis Rent A Car System, Inc., [192 Conn. 280
(1984)].
Id. at 270-271.
Our Supreme Court's above reference in Pedevillano toGionfriddo is especially instructive, as Gionfriddo involved an award of damages under Section 14-154a for operator misconduct of the very same type as is now before this Court — operation of a leased vehicle by an authorized lessee who was under the influence of intoxicants. By so illustrating its admonition that lessors cannot shield themselves from liability under Section 14-154a
for lessee misconduct in the use of a leased vehicle, thePedevillano Court gave clear notice that lease restrictions CT Page 6916 against operating under the influence will not immunize lessors from liability for such lessee misconduct under Section 14-154a. It thus follows that Resources' rental agreement restriction concerning operation of a leased vehicle while intoxicated can not shield Resources from liability under Section 14-154a for defendant Washington's operation of one of its leased vehicles while intoxicated.
Accordingly, because General Statutes § 14-154a does not provide an exception under which a lessor may shield itself from liability, via a contractual restriction, for misconduct in the operation of a rented vehicle by an unauthorized driver, the facts pled by the defendant Resources do not state a proper special defense. The plaintiff's Motion to Strike Defendant's Special Defense is hereby granted.
Michael R. Sheldon Judge