[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2981
This case presents the issue of the extent to which a lessor of a motor vehicle can limit through a lease agreement its statutory liability under General Statutes § 14-154a for the alleged tortious actions of its lessee. The defendant General Electric Capital Auto Financial Services, Inc. ("GECAFS") asserts that, since the lease agreement with its lessee, the defendant Eric J. Kelly, prohibited him from driving the vehicle without a valid driver's license, it is not liable under § 14-154 for his alleged negligence in colliding with the plaintiffs vehicle when driving with a suspended driver's license. The plaintiff argues that the defendant GECAFS can not through provisions in its lease agreement escape statutory liability for its lessee's tortious conduct. For the foregoing reasons, the court agrees with the plaintiff.
The plaintiff has brought this action against the defendants Eric J. Kelly and GECAFS seeking compensation for the injuries he allegedly suffered due to the negligence of Kelly. The plaintiff alleges that on May 31, 1998 Kelly was operating a 1997 Dodge pick up truck owned by GECAPS and leased to Kelly when he negligently drove the truck into the rear of the plaintiffs truck inflicting severe and painful injuries to the plaintiff. In his complaint, the plaintiff claims that GECAFS, as the lessor of the motor vehicle, is liable pursuant to General Statutes §14-154a for the plaintiffs injuries.
GECAFS has moved for summary judgment asserting that it is not liable under the provisions of § 14-154a because, at the time of the accident, Kelly's drivers license had been suspended and, as a result, he was not authorized to operate the leased vehicle pursuant to the terms of the lease. In support of its motion for summary judgment, GECAFS has provided the court with a copy of the lease agreement and a certified copy of Kelly's driving history. The lease agreement includes a provision under which Kelly agreed not to drive the leased vehicle without a valid driver's license. The certified driving history shows that Kelly's driver's license was suspended from March 21, 1998 until August 21, 1998, during the time of the accident in question which occurred on May 31, 1998.
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any CT Page 2982 material fact and that the moving party is entitled to judgment as a matter of law." See also Scrapchansky v. Plainfield,226 Conn. 446, 450 (1993). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 105-106 (1994).
GECAFS relies primarily on Pedevillano v. Bryon, 231 Conn. 265
(1994) as support for its position that it is not liable under § 14-154a because Kelly drove the leased vehicle with a suspended license in violation of the terms of the lease agreement.[1] In Pedevillano, our Supreme Court held that §14-154a does not impose liability on the lessor of a motor vehicle for the tortious operation of that motor vehicle by a third party who is not an "authorized driver" under the lease. GECAFS stresses the language of the decision that states that the statute imposes liability on the lessor "provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." Id., 268. GECAFS argues that since Kelly was not operating the vehicle in accordance with the terms of the lease agreement, it may not as a matter of law be found liable pursuant to § 14-154a.
GECAFS, however, misses an important distinction between the situation in Pedevillano and this case; a distinction emphasized in the court's opinion in Pedevillano. In Pedevillano, the plaintiff was seeking to impose liability on the lessor for the tortious conduct of a third party, who was not a party to the lease agreement or an authorized driver pursuant to its terms. In this case, the plaintiff seeks to impose liability on GECAFS as the lessor for the tortious conduct of the lessee which violates the terms of the lease. The Supreme Court in Pedevillano v. Bryon
recognized the importance of this difference in determining a lessor's liability under § 14-154a. "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to CT Page 2983 entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement. It bears emphasis, however, that the lessor's right to limit the identity of authorized drivers does not, in light of the purpose of § 14-154a, relieve the lessor of liability to third parties for misconduct by such authorized drivers, even when such misconduct violates express contractual restrictions on the use of the vehicle." (Citations omitted; emphasis added.) Id., 270-271.
Section 14-154a imposes on the owner of a leased vehicle liability for injuries to third parties caused by the tortious conduct of the vehicle's lessee. The statute has been construed by our Supreme Court as creating a "statutory suretyship," Smithv. Mitsubishi Motors Credit of America. Inc., 247 Conn. 342, 346
(1998), and establishing the lessor as the "alter ego" of the lessee, Graham v. Wilkins, 145 Conn. 34, 41 (1958). Its purpose is "to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicles."Fisher v. Hodge, 162 Conn. 363, 369 (1972). See also Levy v.Daniels' U-Drive Auto Renting Co., 108 Conn. 333, 336 (1928). The statute's purpose would be undermined if lessors could immunize themselves from liability for the lessee's misconduct by simply placing provisions in the lease prohibiting various acts of misconduct.
Other superior courts faced with similar situations have concluded that restrictive lease provisions concerning the lessee's conduct do not absolve the owner of a leased vehicle from liability under § 14-154a for the tortious conduct of the lessee. See ELRAC, Inc. v. Villafane, Superior Court, Judicial District of New Haven at New Haven, Docket No. CV 96-385929 (Aug. 23, 1996) (Hodgson, J.) (actions by the lessee of changing the license plates and tinting the windows arguably in violation of the lease does not absolve the owner of statutory liability); Weaver v. Thrifty Rent a Car, Judicial District of New Haven at Meriden, No. CV93-0244619 (May 13, 1996) (Gaffney, J.) (lease provision prohibiting the use of the vehicle while the operator is intoxicated does not exempt the owner from statutory liability for the tortious conduct of the lessee who operated the car while intoxicated); Sawyers v. Rental Car Resources. Inc., CT Page 2984 Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. CV95-0550104, (June 6, 1995) (14 Conn. L. Rptr. 468) (Sheldon, J.) (lessor may not escape statutory liability via lease restriction prohibiting the operation of the vehicle while under the influence of drugs or other substances). The legislature has determined that the owner of a leased vehicle shall be responsible for the tortious conduct of its lessee in the operation of the leased vehicle. The lessor can not contract away that obligation through restrictive lease provisions governing the conduct of the lessee.
The defendant GECAFS has not shown that it is entitled to judgment as a matter of law. Accordingly, its motion for summary judgment is denied.
BY THE COURT
Judge Jon M. Alander