JASMINE MONCREASE ET AL. *v.*
CHASE MANHATTAN AUTO
FINANCE CORPORATION
(AC 27006)

Schaller, DiPentima and Lavine, Js.

---

Argued September 19—officially released December 12, 2006

*David A. Leff*, with whom, on the brief, were *Steven J. DeFrank* and *Michael W. Leff*, for the appellants (plaintiffs).

be applied, nor do we find those cases helpful in interpreting the language of § 52-571b.

*Stephen P. Brown*, with whom, on the brief, were *John D. Morio* and *Joseph A. H. McGovern*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. This appeal addresses the issue of whether the lessor of a motor vehicle can be held liable under General Statutes § 14-154a for damages caused by an unlicensed driver's tortious operation of that vehicle when the lease agreement specifically prohibits operation of the vehicle by an unlicensed driver. The plaintiffs, Jasmine Moncrease and Angel Keeton, brought suit against the defendant, Chase Manhattan Auto Finance Corporation, claiming that they had sustained serious personal injuries as a result of Lisa Wright's negligent operation of the vehicle in which they were passengers, and which was owned by the defendant. The parties submitted a joint stipulation of facts and subsequently filed cross motions for summary judgment. The trial court granted the defendant's motion for summary judgment and, accordingly, denied that of the plaintiffs. We affirm the judgment of the trial court.

The record and the parties' joint stipulation of facts reveal the following relevant facts. The defendant leased a 1999 Toyota RAV4 to Ronald Jackson and Maryann Jackson in April, 1999. Paragraph 23 of the motor vehicle agreement, entitled "Use of the Vehicle," provides in relevant part, "You agree not to use or permit use of the vehicle . . . (c) by an unlicensed driver . . . ." On August 16, 2002, the plaintiffs were passengers in the vehicle when the driver, Lisa Wright, failed to stop at a stop sign and caused a collision. Wright is Maryann Jackson's daughter. Wright was sixteen years old at the time of the accident and did not possess a driver's license. Wright is not mentioned specifically in the lease agreement.

On appeal, the plaintiffs claim that the defendant should be held liable for the plaintiffs' damages pursuant to § 14-154a. In support of their position, the plaintiffs argue that the plain language of the statute, as well as its construction in our case law, mandate the defendant's liability. They further argue that the public policy interest of ensuring the recovery of damages by injured third parties dictates the same result. We are not persuaded.

Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 548–49, 848 A.2d 352 (2004).

Section 14-154a (a) provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."[1]

Contrary to the plaintiffs' argument, our case law reveals that the application of this statute is limited to situations in which a driver authorized under the terms of the lease was operating the vehicle. As our Supreme Court has stated, "[w]e have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one *in lawful possession of it pursuant to*

---

[1] We note that as of August 10, 2005, federal law preempts the state law and abolishes claims for vicarious liability against lease companies. 49 U.S.C. § 30106.

*the terms of the contract of rental.*" (Emphasis in original; internal quotation marks omitted.) *Pedevillano* v. *Bryon*, 231 Conn. 265, 268, 648 A.2d 873 (1994). "[T]he driver is in 'lawful possession' when he is an authorized driver under the terms of the lease agreement that limit the identity of the drivers authorized to use the vehicle." *Fojtik* v. *Hunter*, 265 Conn. 385, 393, 828 A.2d 589 (2003).

The plaintiffs' argument that the plain meaning of the statute compels the defendant's liability regardless of the terms of the contract is inconsistent with our Supreme Court's holding that § 14-154a does not prevent lessors from imposing reasonable restrictions on the identity of drivers for whom they are willing to assume the risk of liability. See *Pedevillano* v. *Bryon*, supra, 231 Conn. 270. In *Pedevillano*, the court drew a distinction between unauthorized drivers under the terms of the lease and authorized drivers who violate one of the lease's terms, and held that although the lessor could not be liable for the former, it could be for the latter. "[T]he lessor's right to limit the *identity* of authorized drivers does not, in light of the purpose of § 14-154a, relieve the lessor of liability to third parties for *misconduct* by such authorized drivers, even when such misconduct violates express contractual restrictions on the use of the vehicle." (Emphasis in original.) Id., 270–71.

Thereafter, in *Fojtik* v. *Hunter*, supra, 265 Conn. 391, the court applied this distinction between authorized drivers in lawful possession of the vehicle who breach one of the terms of the lease and a person who was unauthorized to operate the vehicle at all under the lease. In *Fojtik*, the Supreme Court reversed the judgment of the trial court and held the lessor liable for damages caused by the lessee's tortious operation of the leased vehicle, even though her driver's license was

suspended at the time of the accident in violation of the terms of the lease agreement.

The plaintiffs would have us read *Fojtik* as holding that lessors are liable, as a matter of law, for damages caused by all unlicensed drivers. They additionally contend that this reading is consistent with our Supreme Court's earlier dicta in *Fisher* v. *Hodge*, 162 Conn. 363, 368–69, 294 A.2d 577 (1972), that a lessor may be liable for the tortious use of the leased vehicle by a third party regardless of the terms of the lease. The plaintiffs misconstrue the controlling case law.

The holding in *Fojtik* was specifically limited to a driver in lawful possession of the car according to the terms of the contract who had violated one of the contract's terms. The court concluded that "[b]ecause . . . the driver of the leased vehicle lawfully possessed it at the time of the accident, [the lessor] is liable under § 14-154a for any damages caused by the driver." *Fojtik* v. *Hunter*, supra, 265 Conn. 395. *Fojtik* is therefore clearly distinguishable from the present case, in which the driver was not authorized to operate the vehicle under the terms of the lease and, consequently, was not in lawful possession of the vehicle.

Furthermore, *Fojtik* recognized that the dicta in *Fisher* no longer reflects our Supreme Court's position regarding the scope of lessor liability. As the court specifically noted, "we indicated [in *Pedevillano*], contrary to our dicta in *Fisher*, that a lease agreement could limit § 14-154a liability." Id., 391. Therefore, the plaintiffs' reliance on the dicta in *Fisher* is misplaced.

The plaintiffs alternatively contend that Wright was not an unauthorized driver and that therefore, the present case, like *Fojtik*, involves a breach of the lease agreement rather than an issue of unlawful possession. According to the plaintiffs, it was reasonably foreseeable to the defendant that Wright would eventually drive

the car. Moreover, the lease does not refer to Wright by name as an unauthorized driver in the lease. Accordingly, the plaintiffs would have us equate Wright with the defendant driver in *Fojtik*, an authorized driver who breached the lease provision requiring a valid driver's license. We find the plaintiffs' argument to be without support in our case law.

Applicable precedents have never required that a person be excluded by name in order to be deemed an unauthorized driver under the terms of the lease. See *Schimmelpfennig* v. *Cutler*, 65 Conn. App. 388, 394–95, 783 A.2d 1033 (lessor not liable for damages caused by person driving leased vehicle when lease specifically stated there were to be no additional drivers), cert. denied, 258 Conn. 934, 785 A.2d 230 (2001); *Blackwell* v. *Bryant*, 45 Conn. App. 26, 31, 692 A.2d 862 (1997) (lessor not liable for damages caused by driver not listed under terms of lease). The plaintiffs also do not cite any authority in support of their position that the unlicensed minor child of a lessee is a reasonably foreseeable driver who is necessarily contemplated by the terms of the lease. Accordingly, we conclude that Wright was not an authorized driver under the terms of the lease.

Finally, the plaintiffs urge us to consider the public policy of affording protection to third parties injured by unlicensed drivers of leased cars. Our jurisprudence makes clear, however, this was not the purpose for which § 14-154a was enacted. "[T]he purpose of [the statute] was not primarily to give the injured person a right of recovery against the tortious operator of the car, but to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rented vehicles." (Internal quotation marks omitted.) *Fojtik* v. *Hunter*, supra, 265

Conn. 391–92; see also *Levy* v. *Daniels' U-Drive Auto Renting Co.*, 108 Conn. 333, 337, 143 A. 163 (1928) ("rental of motor vehicles to any but competent and careful operators, or to persons of unknown responsibility, would be liable to result in injury to the public . . . and this imminent danger justified, as a reasonable exercise of the police power, this statute"). It would therefore defeat the legislative intent underlying the statute if we were to hold that § 14-154a made lessors liable for damages caused by the very drivers it reasonably refused to guarantee.

We also note our Supreme Court's caution against expanding the scope of liability under the statute. In interpreting the predecessor to § 14-154a, the court stated, "[w]hile the statute is very likely capable of a broader construction, we have indicated . . . what we deem to be the true intent of the legislature, to impose upon the person who lets an automobile for hire a liability for the tortious acts of him who hires it or of anyone who comes into possession of it *under the contract of hiring with the express or implied authority of the owner.* We cannot impute to the legislature an intent, so unreasonable and of such doubtful constitutionality, to include a liability of the owner for the tortious acts of one who wrongfully acquires possession of the car from him into whose hands it came by the voluntary act of or under authority from the owner." (Emphasis added.) *Connelly* v. *Deconinck*, 113 Conn. 237, 240, 155 A. 231 (1931). Therefore, although § 14-154a does create a statutory suretyship, it is only for damages caused by leased vehicles that are driven by authorized drivers. See *Smith* v. *Mitsubishi Motors Credit of America, Inc.*, 247 Conn. 342, 346, 721 A.2d 1187 (1998).

We conclude that Wright was not an authorized driver under the terms of the lease and therefore was not in lawful possession of the vehicle at the time of the

accident. The court properly decided as a matter of law to grant the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.