# ERICA TODD *v.* NATIONWIDE MUTUAL INSURANCE COMPANY
## (AC 31041)

Flynn, C. J., and Harper and Borden, Js.*

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued March 22—officially released June 8, 2010

*William F. Gallagher*, with whom, on the brief, was *Hugh D. Hughes*, for the appellant (plaintiff).

*Miles N. Esty*, for the appellee (defendant).

*Opinion*

BORDEN, J. In this action for underinsured and conversion coverage benefits, the plaintiff, Erica Todd, appeals from the summary judgment rendered by the trial court in favor of the defendant, Nationwide Mutual Insurance Company. The plaintiff claims that the court improperly granted the defendant's motion for summary judgment. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are undisputed for purposes of the plaintiff's appeal. On May 31, 2000, the plaintiff was involved in an automobile accident in which her vehicle, which was covered by the defendant's underinsured and conversion coverage policy, was struck by another vehicle that was operated by Christopher Bernacchi. Bernacchi's vehicle was a

leased vehicle that was owned by American Honda Finance Corporation (Honda) and insured by Pacific Employers Insurance Company (Pacific) under a liability policy with limits of $1 million. The plaintiff brought an action alleging negligence against Bernacchi and alleging that Honda was vicariously liable for Bernacchi's negligence. The plaintiff also alleged that Bernacchi was an authorized driver of the leased vehicle. Bernacchi had a liability policy with GEICO with limits of $100,000. Bernacchi's carrier paid the plaintiff the $100,000 limit of his policy, and the plaintiff settled with Honda for $275,000 through its carrier, Pacific.

The plaintiff then brought this action against the defendant for underinsured and conversion coverage benefits. The plaintiff, purportedly having discovered that Bernacchi had not been an authorized driver of the leased vehicle at the time of the accident, alleged the payment of $100,000 by Bernacchi's carrier and, further, that the "plaintiff has exhausted all bodily injury liability bonds or insurance policies applicable at the time of the accident, in accordance with [General Statutes] § 38a-336a. . . . The owner of the motor vehicle that was being operated by the legally liable operator . . . Bernacchi, was [Honda], which had no legal obligation to pay under current law as . . . Bernacchi was not an authorized driver under the leasing agreement. Said company, however, made a contribution to the settlement of $275,000, rendering the total payment of $375,000." The defendant moved to strike the complaint for failure to allege exhaustion of all applicable policies and, thus, for failure to state a claim under General Statutes § 38a-336, the uninsured and underinsured motorists statute. The court, *Cosgrove, J.*, denied the motion to strike, ruling, first, that the applicable statute was § 38a-336a, the underinsured motorists conversion coverage statute, rather than § 38a-336, the uninsured and underinsured coverage statute; and, second, that,

taking all the plaintiff's allegations as true, including that Bernacchi was not an authorized driver under the lease agreement, "the plaintiff adequately alleged the exhaustion of all applicable liability bonds and policies."

The defendant then filed a motion for summary judgment, claiming that the plaintiff had not exhausted "all bodily injury liability bonds or insurance policies applicable at the time of the accident in accordance with [§ 38a-336a]," namely, the Pacific policy. In support of its motion, the defendant produced two affidavits. The first was the affidavit of John F. McDevitt, an employee of ACE USA, an affiliate of Pacific. McDevitt stated that the Pacific policy "provided liability insurance coverage with limits of $1,000,000," and that Pacific, "as the liability insurer of [Honda] paid $275,000 out of its available coverage of $1,000,000 under [the policy] to [the plaintiff] to settle the aforementioned lawsuit." The second affidavit in support of the motion for summary judgment was that of Diane Adams, an employee of Honda, who stated that its vehicle was covered on the date of the accident by the Pacific policy with a limit of $1 million.

In its memorandum of law, the defendant relied solely on the facts that the Pacific policy had a limit of $1 million and that only $275,000 of that limit had been paid. It did not address the plaintiff's factual claim that Bernacchi had not been an authorized driver under the leasing agreement. Instead, regarding the plaintiff's claim that, as the defendant characterized it, "Honda was not obligated to make such a payment," namely, the $275,000 settlement, the defendant relied on a trial court decision in which the court had ruled, in effect, that acceptance of a settlement from a third party's liability carrier by an insured under an uninsured motorists coverage policy precludes the insured from recovering uninsured motorists benefits.[1] The plaintiff did

---

[1] See *Smith* v. *New Hampshire Ins. Co.*, Superior Court, judicial district of Tolland, Docket No. CV-93-54227-S (August 23, 1994).

not file any affidavits but filed a memorandum of law in opposition to the defendant's motion, relying solely on the prior ruling of the court on the motion to strike under the doctrine of the law of the case. See *Carothers* v. *Capozziello*, 215 Conn. 82, 107, 574 A.2d 1268 (1990). The defendant then filed a reply to the plaintiff's memorandum in opposition to summary judgment, bringing to the court's attention the fact that the plaintiff had, in the negligence action against Bernacchi, alleged that Bernacchi was an authorized driver of the leased vehicle. The court, *Hon. George W. Ripley II*, judge trial referee, relying on a trial court decision cited by the defendant, *Smith* v. *New Hampshire Ins. Co.*, Superior Court, judicial district of Tolland, Docket No. CV-93-54227-S (August 23, 1994), granted the defendant's motion for summary judgment, finding that the defendant "has shown that [Honda] settled with [the plaintiff] for $275,000, out of a $1 million policy. It is uncontested that [the plaintiff] accepted the settlement and received the $275,000 from . . . Honda. [The plaintiff's] acceptance of this settlement precludes the recovery of underinsured [motorists] benefits, as the applicable liability policies have not been exhausted." This appeal followed.

The plaintiff claims that the defendant has failed to establish that the Pacific policy covering Honda's leased vehicle was an " 'applicable policy' " within the meaning of § 38a-336a because there is still a genuine issue of fact regarding whether Bernacchi was an authorized driver of the vehicle. We agree.

"As a preliminary matter, we set forth the appropriate standard of review. In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which,

under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Zielinski* v. *Kotsoris*, 279 Conn. 312, 318–19, 901 A.2d 1207 (2006).

General Statutes § 38a-336a (c) provides in relevant part: "Each insurer shall be obligated to pay to the insured, up to the limits of the policy's underinsured motorist conversion coverage, after the limits of liability under all bodily injury liability bonds or insurance policies *applicable at the time of the accident* have been exhausted by payment of judgments or settlements. . . ." (Emphasis added.) When the tortfeasor's vehicle is a leased vehicle, the question of whether a policy covering that vehicle was "applicable at the time of the accident"; General Statutes § 38a-336a (c); depends on

whether the driver thereof was authorized to drive it under the terms of the lease that "limit the identity of the drivers authorized to use the vehicle." (Internal quotation marks omitted.) *Moncrease* v. *Chase Manhattan Auto Finance Corp.*, 98 Conn. App. 665, 669, 911 A.2d 315 (2006). If the driver was so authorized, he is in lawful possession of the vehicle pursuant to the lease contract terms and the policy covering the vehicle is applicable at the time of the accident and its limits must be exhausted as a precondition of recovery of conversion coverage benefits; if not, the policy is not applicable and its limits need not be exhausted. See id., 668–69.

Thus, in the present case, in order for the defendant at the summary judgment stage to establish that the Pacific policy was applicable at the time of the accident, within the meaning of the statute, it was necessary for the defendant to make it quite clear that Bernacchi was an authorized driver under the terms of the lease. The defendant failed to do this. Its affidavits did no more than to establish that there was a policy covering the vehicle, the limits of which had not been exhausted. Those affidavits did not address the status of Bernacchi as driver of the leased vehicle at the time of the accident.

In this regard, we reject the defendant's reliance, in this court, on the language of McDevitt's affidavit that Pacific "paid $275,000 out of its *available coverage* of $1,000,000 . . . ." (Emphasis added.) First, the defendant did not make that argument in the trial court. Second, at best, that language is ambiguous with regard to whether Bernacchi was an authorized driver; especially considering the rule that we are obligated to take the facts presented in the light most favorable to the nonmovant, that language falls short of meeting the defendant's obligation to remove all questions of material fact on its motion for summary judgment.

Similarly, we reject the defendant's reliance on the assertion that, as a matter of law, if the insured has accepted funds in settlement from any of the third parties involved in the negligence action, he is precluded from thereafter recovering uninsured, underinsured or conversion coverage benefits under his own policy. As the plaintiff points out, the statute focuses on whether a policy is "applicable at the time of the accident . . . ." General Statutes § 38a-336a (c). It is difficult for us to see how subsequent conduct can alter that factual and legal status. Moreover, as a practical matter, it does not take much imagination to understand that there may well be cases in which such settlement funds are paid precisely to avoid having that factual and legal status authoritatively determined by going through litigation to its end.

Finally, we also reject the defendant's reliance on the plaintiff's prior pleading, in the negligence case against Bernacchi, which alleged that Bernacchi was an authorized driver of the vehicle at the time of the accident. As a prior pleading in a different case, although that pleading may well have evidentiary value in the present case, it is not legally binding on the plaintiff in the present case. See *State* v. *James*, 247 Conn. 662, 684, 725 A.2d 316 (1999) (*Berdon, J.*, dissenting) (testimony at prior trial admissible on retrial as evidentiary admission); see also C. Tait, Connecticut Evidence (3d Ed. 2001) § 8.16.3, p. 587 ("Judicial admissions are conclusive only in the judicial proceeding in which made. . . . In subsequent proceedings, such prior judicial admissions are merely evidentiary admissions, to be used as evidence to prove a matter in dispute in the subsequent trial." [Citation omitted.]).

The judgment is reversed and the case is remanded with direction to deny the defendant's motion for summary judgment and for further proceedings according to law.

In this opinion the other judges concurred.