### MARK JANSMA ET AL. *v.* PATRONS MUTUAL INSURANCE COMPANY OF CONNECTICUT, INC.
### (AC 31705)

DiPentima, C. J., and Gruendel and Harper, Js.

Argued December 13, 2010—officially released March 1, 2011

*Ann Grunbeck Monaghan,* for the appellants (plaintiffs).

*Susan L. Miller,* with whom, on the brief, was *Todd S. Federico,* for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiffs, Mark Jansma and Genevieve Jansma, appeal from the summary judgment rendered by the trial court in favor of the defendant, Patrons Mutual Insurance Company of Connecticut, Inc. On appeal, the plaintiffs claim that the court improperly determined that no genuine issues of material fact exist with respect to their underlying complaint against the defendant. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the disposition of the plaintiffs' appeal. The plaintiffs held a homeowner's insurance policy (policy) with the defendant that covered the plaintiffs' residence in Killingworth (residence). The policy limit applicable to the residence was $337,000. On January 13, 2006, the residence was severely damaged as the result of a fire

and was declared unlivable by the town of Killingworth. After the fire, the parties agreed to contact Bill Kapura Building Contractors, Inc. (Kapura), to estimate the cost of repairing the residence. In June, 2006, Kapura submitted an estimate to the defendant for $279,594.03. The defendant then issued a check to the plaintiffs for the amount of the Kapura estimate; however, the plaintiffs refused to accept payment, claiming that the Kapura estimate was inadequate and incomplete. On August 22, 2006, the plaintiffs received a second estimate from Total Concept Restoration (Total Concept) for $406,927.50 and demanded that the defendant issue payment for this amount. The defendant disputed Total Concept's estimate, refused the plaintiffs' request for payment and, instead, submitted the plaintiffs' claim to appraisal pursuant to the policy.[1] Thereafter, the defendant paid the plaintiffs the full amount determined by the appraisal process.

On February 7, 2008, the plaintiffs commenced this action, alleging breach of contract, breach of an implied covenant of good faith and fair dealing, negligent infliction of emotional distress, intentional infliction of emotional distress and violations of the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110a et seq.; and the Connecticut Unfair Insurance Practices Act (CUIPA). General Statutes § 38a-815 et seq. In support of their claims, the plaintiffs alleged that the defendant engaged in bad faith by prematurely submitting their claim to appraisal, thereby unnecessarily delaying repair of the residence. Subsequently, the defendant filed a motion for summary judgment, claiming that there were no genuine issues of material fact to be litigated and that, pursuant to the express terms

[1] The policy provides in relevant part that "[i]f [the plaintiffs] and [the defendant] do not agree on the amount of . . . the cost to repair or replace [the residence], either party may demand that [this amount] be determined by appraisal."

of the policy, it was entitled to judgment as a matter of law. On September 23, 2009, the court, in a memorandum of decision, granted the defendant's motion for summary judgment as to all of the plaintiffs' claims. This appeal followed.

The plaintiffs now claim that the court improperly determined that no genuine issues of material fact exist with respect to the defendant's allegedly bad faith utilization of the appraisal process. Specifically, the plaintiffs argue that the defendant's election of the appraisal process was unjustified, as there was no disagreement as to the cost to repair the residence such that the defendant's right to appraisal would vest under the policy. We are not persuaded.

"As a preliminary matter, we set forth the appropriate standard of review. In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.

. . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Todd* v. *Nationwide Mutual Ins. Co.*, 121 Conn. App. 597, 601–602, 999 A.2d 761, cert. denied, 297 Conn. 929, 998 A.2d 1196 (2010).

Here, the record unequivocally supports the court's ruling granting the defendant's motion for summary judgment. In support of its motion, the defendant submitted the policy, which explicitly provides that "[i]f [the plaintiffs] and [the defendant] do not agree on the amount of . . . the cost to repair or replace [the residence], either party may demand that [this amount] be determined by appraisal." It is undisputed that, upon submitting Total Concept's estimate to the defendant, the plaintiffs were denied payment, as the defendant disputed the amount of the estimate, given its stark contrast to the estimate provided by Kapura. Although the plaintiffs argue that there was no disagreement between the parties as to the cost to repair the residence, the sequence of events in this case clearly demonstrates otherwise. Moreover, given the express terms of the policy, we fail to see how the defendant's election of the appraisal process constituted bad faith or was otherwise unjustified under the circumstances present here. See *Zulick* v. *Patrons Mutual Ins. Co.*, 287 Conn. 367, 373, 949 A.2d 1084 (2008) ("If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning. . . . Under those circumstances, the policy is to be given effect according to its terms." [Internal quotation

marks omitted.]). Although the plaintiffs characterize the defendant's actions in electing appraisal as a bad faith attempt to delay payment of the plaintiffs' claim, our review of the record, including the policy, reveals that the defendant was fully justified in electing appraisal. Thus, the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.